IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JULIA ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:10-CV-742-WKW [WO] |
| ) | |
| DAVID THOMAS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Under consideration are Plaintiff's Motion to Remand (Doc. # 7), and Defendant Safeco Insurance Company of America's ("Safeco") response in opposition (Docs. # 10-11).[1] For the following reasons, Plaintiff's motion is due to be granted.

## **I.  BACKGROUND**

Plaintiff filed her complaint alleging state law claims on February 5, 2010, in the Circuit Court of Macon County, Alabama. These claims arise from the acts of Co-Defendant David Thomas, who allegedly sold homeowner's insurance coverage to Plaintiff, accepted one payment from her, and failed to procure said coverage. Plaintiff's theories of recovery under state law include fraud, negligent/wanton hiring, training and supervision, conspiracy, negligence, and tortious interference. The complaint includes a demand for "an amount of

---

[1] Safeco filed a response in opposition to Plaintiff's motion to remand, adopting and incorporating the response filed by Foremost Insurance Company ("Foremost"). (Doc. # 11, at 1.) Foremost is no longer a defendant in this action. For convenience, the court refers only to Safeco.

compensatory and punitive damages as a jury deems reasonable, and may award, plus costs." (Compl. 12 (Ex. 2 to Not. of Removal).)

The Notice of Removal was filed on September 3, 2010, pursuant to 28 U.S.C. § 1332(a), § 1441, and the second paragraph of § 1446(b). (*See* Not. Removal (Doc. # 2); Consent (Ex. 7 to Not. of Removal).) Safeco contends that the "case did not become removable until [its] receipt on August 4, 2010, of an 'other paper,'" *i.e.*, Plaintiff's deposition testimony.[2] (Not. of Removal ¶¶ 1, 8.) Safeco relies principally on Plaintiff's testimony elicited in reaction to a fusillade of questions from defense counsel following her initial inability to place a monetary value on her punitive damages claim: "Wow. A million dollars. I'll throw a million dollars out there." (Pl. Dep. 245, 250 (Ex. 18 to Not. of Removal).) Given that the Complaint is "silent as to the amount in controversy" (Not. of Removal ¶ 8), Safeco avers that the deposition testimony is the "'other paper from which it may first be ascertained that the case is one which is . . . removable'." (Not. of Removal ¶ 1 (quoting § 1446(b).) Plaintiff filed her Motion to Remand within thirty days after the filing of the Notice of Removal. (*See* Mot. to Remand, filed Sept. 28, 2010.) As grounds for her motion, Plaintiff argues that more than thirty days have elapsed since the case was first removable and that the amount in controversy requirement has not been demonstrated. (Mot. to Remand.)

---

[2] While Exhibit 1 to the Notice of Removal contains excerpts from Plaintiff's deposition testimony, the entire deposition testimony is attached to the Notice of Removal at Exhibit 18.

The parties do not dispute that the initial pleading in this case sought unspecified damages. Diversity of citizenship also is not in dispute.

## II. STANDARD OF REVIEW

**A.     Generally**

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

**B.     Removal**

When a case is removed on the basis of diversity jurisdiction, a successful removal requires a defendant to jump through both substantive and procedural hoops. As to the substantive hoop, where the complaint alleges unspecified damages, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation – provided of course that removal is

3

procedurally proper." *Id.* at 755 (collecting cases). However, under *Pretka*, a court may only engage in the substantive jurisdictional inquiry "if consideration of [that evidence] is procedurally proper[.]" *Id.* at 756.

As to the procedural hoop, the removing party must satisfy the "how" and "when" dictates of 28 U.S.C. § 1446. *Pretka*, 608 F.3d at 756. Section 1446(a), which "answers the question of *how* removal is accomplished," *Lowery*, 483 F.3d at 1212, states that a removing defendant "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal . . . ." § 1446(a).

Section 1446(b) "answers the question of *when* an action is removable." *Lowery*, 483 F.3d at 1212. It "governs the timeliness of removal in civil cases." *Pretka*, 608 F.3d at 756. It is well established that "[t]he untimeliness of a removal is a procedural, instead of a jurisdictional, defect." *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997); accord *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010). Section 1446(b) is divided into two paragraphs. Under the first paragraph, a defendant may rely on the *initial pleading*, filing a notice of removal "after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . ." *Pretka*, 608 F.3d at 757. However, if the case was "not removable" or "could not have been determined to be removable" from the initial pleading, a defendant may later file, under paragraph two of § 1446(b), a notice of removal "'after receipt by the defendant . . . of a copy of an amended

4

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Id.* at 757 (quoting § 1446(b)).

**C.     Remand**

28 U.S.C. § 1447(c) provides, in relevant part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* As explained in *Lowery*, "§ 1447(c) distinguishes between motions to remand made within the first thirty days following removal, and challenges to subject matter jurisdiction brought after that time." 483 F.3d at 1213 n.64. "Plaintiffs have only thirty days from the notice of removal to file a motion to remand challenging any procedural defects in the removal." *Id.* In other words, "[t]here is only a thirty-day window . . . for a plaintiff to challenge the propriety of the *removal* itself, whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction." *Id.*

### III. DISCUSSION

The Notice of Removal and Motion to Remand require the court to address three issues involving the "removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c)." *Lowery*, 483 F.3d at 1211. The first issue is whether the first or second paragraph of § 1446(b) governs Safeco's removal. The second issue concerns Safeco's burden for establishing the propriety of removal under the second paragraph of § 1446(b). The third issue is whether Safeco has met that burden.

A.      **Whether the First or Second Paragraph of § 1446(b) Governs Safeco's Removal**

Plaintiff focuses on the first paragraph of § 1446(b), while Safeco relies on the second paragraph. Plaintiff argues that the removal was "procedurally deficient" because "[i]t was filed more than thirty days after service of the summons and complaint." (Mot. to Remand 3.) Plaintiff's argument, however, is devoid of any analysis. She has not pointed to any language in her initial complaint that would have triggered the thirty-day removal period. Plaintiff does not argue and it is by no means "facially apparent" from the initial complaint that the amount in controversy exceeds the jurisdictional minimum, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010), and, thus, that the Complaint should have triggered the thirty-day removal window. Because Plaintiff does not provide any grounds to support her assertion that the thirty-day clock for removal was triggered by the first paragraph of § 1446(b), and the court is aware of none, the second paragraph of § 1446(b) governs the present situation.

B.      **The Burden of Proof for Establishing the Propriety of Removal Under the Second Paragraph of § 1446(b)**

This case was removed to federal court under the second paragraph of § 1446(b), based on Plaintiff's deposition testimony, which Safeco argues is the "other paper" by which it "'first . . . ascertained'" that the case was removable. (Not. of Removal ¶ 1 (quoting § 1446(b)).) As explained in *Lowery*, under the second paragraph of § 1446(b), "a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the

plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery*, 483 F.3d at 1213 n.63.[3] All three conditions must be present before § 1446(b)'s thirty-day removal clock starts ticking.

Plaintiff does not dispute that Safeco has established two of these conditions, *i.e.*, that Plaintiff's deposition testimony constitutes "other paper" and that Safeco received this other paper from Plaintiff. *See id.*; *see also id.* at 1213 n.62 (noting that deposition testimony has been found to qualify as "other paper" under § 1446(b) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996))). Only *Lowery*'s third condition for a proper § 1446(b) paragraph two removal is at issue here: Whether Safeco could have "first ascertain[ed]" from Plaintiff's deposition testimony that the damages in this case exceeded $75,000 so that the suit could be maintained in federal court. *Lowery*, 483 F.3d at 1213 n.63. The issue is what is Safeco's burden for proving this third condition.

Safeco contends that Plaintiff's deposition testimony shows by a *preponderance of the evidence* that the amount in controversy exceeds $75,000. (Resp. to Mot. to Remand 4.) Safeco does not address, however, the impact of *Lowery* on a removing defendant's burden when faced with a timely § 1447(c) challenge to the propriety of removal under the second paragraph of § 1446(b). Rather, as its sole support for application of the preponderance of the evidence standard, Safeco cites a pre-*Lowery* district court opinion that did not involve

---

[3] *Pretka*'s narrowing of *Lowery* is discussed *infra*.

application of § 1446(b).[4]  (Resp. to Mot. to Remand 4 (citing *Alexander v. Captain D's, LLC*, 437 F. Supp. 2d 1320 (M.D. Ala. 2006)).)

Because Plaintiff's Motion to Remand was filed within thirty days of the Notice of Removal, *see* § 1447(c), Plaintiff properly challenges "the propriety of the *removal* itself" under § 1446(b)'s second paragraph. *Lowery*, 483 F.3d at 1213 n.64. "[I]n assessing the propriety of removal" under the second paragraph of § 1446(b), "the court considers the document received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id.* at 1213. The "document" – in this case, Plaintiff's deposition testimony – "must contain an unambiguous statement that clearly establishes federal jurisdiction," in this case, the amount in controversy.[5] *Id.* at 1213 n.63 (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002), and *Huffman v. Saul Holdings, LP*, 194 F.3d 1072, 1078 (10th Cir. 1999))). The "jurisdictional amount" must be "stated clearly on the face of the documents before the court, or readily deducible from them." *Id.* at 1211. If the evidence does not unambiguously

---

[4] The court takes judicial notice that the motion to remand in *Alexander* was filed more than nine months after the filing of the notice of removal. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records . . . .").

[5] As indicated, *Lowery* relies upon *Bosky* and *Huffman*. In *Bosky*, the Fifth Circuit compared "ascertained," as used in the second paragraph of § 1446(b), with "setting forth," as used in the first paragraph of § 1446(b): "The latter, in contrast to the former, seems to require a greater level of certainty or that the facts supporting removability be stated unequivocally." 288 F.3d at 211. Moreover, as observed in *Huffman*, because a defendant will forever lose the right to remove if the removal occurs more than thirty days after receipt of the triggering paper, "'the notice ought to be unequivocal.'" 194 F.3d at 1078 (quoting and adopting the test in *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). And, in *Huffman*, there was undisputed "voluntary and unequivocal testimony of [one of the plaintiffs] that plaintiffs were seeking $300,000 in damages." *Id.* This testimony, in combination with financial documents produced during discovery, was sufficient to commence the ticking of the thirty-day clock. *See id.*

8

establish the amount in controversy in this way, "neither the defendants nor the court may speculate in any attempt to make up for the notice's failings." *Id.* at 1214-15. Accordingly, a defendant must satisfy the "unambiguously establish" burden commanded by *Lowery*, where the plaintiff timely challenges the propriety of removal under the second paragraph of § 1447(c). *See* 483 F.3d at 1213 n.64. That is the scenario in this case, and, thus, *Lowery* governs the present analysis.

To say that *Lowery*'s "unambiguously establish" standard governs in this case, however, is not to say that *Lowery* has been warmly or readily embraced. To the contrary, it has been criticized and its holding constricted, most recently by the Eleventh Circuit in *Pretka*. *Pretka* rejected as *dicta Lowery*'s statements affecting removals made pursuant to the first paragraph of § 1446(b), like in *Pretka*, emphasizing that *Lowery* was a second-paragraph removal and "must be read in that context." *Pretka*, 608 F.3d at 747, 757-58, 760, 767; *see also Roe*, 613 F.3d at 1061 (following *Pretka* and noting that "[t]his opinion considers removal only under the first paragraph of § 1446(b); it does not address the effect of *Lowery* . . . on second-paragraph cases").

Moreover, to say that *Lowery*'s "unambiguously establish" standard governs in this case should not be taken to mean that this court understands the logic of the standard. Even *Lowery* itself recognized that the "unambiguously establish" standard and the less rigorous preponderance of the evidence standard were at odds. *See* 483 F.3d at 1211. If a defendant can unambiguously establish the amount in controversy, "then the defendant could have satisfied a far higher burden than preponderance of the evidence." *Id. Lowery*, however, did

9

not resolve the conflict; rather, it concluded that it was constrained by "precedent . . . to continue forcing this square peg into a round hole." *Id.*; *see also SUA Ins. Co. v. Classic Home Builders, LLC*, No. 10-0388-WS-C, 2010 WL 4664968, at *4 (S.D. Ala. Nov. 17, 2010) (*Lowery*'s "'unambiguously establish' standard necessarily is more exacting than a preponderance of the evidence standard, and both of them cannot simultaneously apply.").

*Lowery*'s unambiguously establish standard has not been rejected in the context of a § 1446(b) second paragraph removal. Under *Pretka*'s rationale that *Lowery* is dicta as to a first-paragraph removal, any criticism in *Pretka* as to the soundness of *Lowery*'s principles in § 1446(b) second-paragraph removals also must be regarded as dicta. As stated, this case involves a removal under the second paragraph of § 1446(b), and the propriety of the removal has been challenged in a timely-filed motion to remand under § 1447(c). Given this procedural posture, the court will apply *Lowery*. *See Jackson v. Litton Loan Servicing, LP*, No. 09cv1165, 2010 WL 3168117, at *4 (M.D. Ala. Aug. 10, 2010) ("Until the Eleventh Circuit changes the rule set forth in *Lowery*, this Court will continue to apply it when considering a notice of removal under the second paragraph of § 1446(b).").

## C. **Whether Safeco Has Satisfied Its Removal Burden Under the Second Paragaph of § 1446(b)**

The final issue is whether Plaintiff's deposition testimony is an "unambiguous statement" clearly establishing the amount in controversy under *Lowery*'s reasoning. Safeco cites the deposition colloquy that resulted in testimony from Plaintiff in which she "threw out" a "million dollars" as a sufficient punitive damages award. (Resp. to Mot. to Remand

8 (citing Pl. Dep. 250).)  This testimony, according to Safeco, satisfies its removal burden because Plaintiff's "million dollar" statement is "the only evidence before the court." (Resp. to Mot. to Remand 8-9.)  For the reasons that follow, the court disagrees.

*Lowery* and basic evidentiary principles require this court to consider the whole of Plaintiff's deposition, the "other paper" relied upon for removal, in determining "whether that document and the notice of removal unambiguously establish federal jurisdiction." 483 F.3d at 1213.  The ambiguity of Plaintiff's "million dollar" statement is apparent upon a review of the context of her deposition testimony.  Plaintiff's statement came after a series of at least seven questions by defense counsel designed to arouse Plaintiff's antipathy for Defendants and then nail down her opinion on a sufficient amount of punitive damages.  (Pl. Dep. 245-50.)  Defense counsel's series of questions opened, "What amount [do] you think is sufficient to punish [Defendants]?"   (Pl. Dep. 246.)   Plaintiff's response exhibited confusion and a desire to consult with her lawyer, "Can [my attorney] do that?  Do I have to do that?" and in a statement directed to her attorney, "Well, you advise me, then." (Pl. Dep. 246.) Defense counsel's questioning continued, "I think you've got some hard feelings about the way Dave Thomas treated you."  (Pl. Dep. 246-47.)  Plaintiff responded, "I feel like God is with me to this day.  I know . . . [Dave Thomas] got two years, . . . but he hurt a lot of people, you know."  (Pl. Dep. 247.)  Plaintiff's pleas to her lawyer for advice continued, "Can we talk?" "Can we – [my attorney] and I talk?" and "I mean, but I thought she was my attorney." (Pl. Dep. 247.)  It is also at this juncture that Plaintiff clearly said, "I don't know,"

11

when asked about the amount of punitive damages she was seeking.[6]  (Pl. Dep. 248.) Plaintiff's counsel only advised her client that defense counsel was asking a different question than the earlier compensatory damages line of questioning, and offered no other assistance to her confused client.  (Pl. Dep. 248.)

Defense counsel continued his pursuit of the elusive dollar figure, "So, you believe that [Mr. Thomas] needs to be punished . . . [t]hat [Mr. Thomas] needs to pay for his sins or mistakes or wrongdoings, whatever you want to call it?"  (Pl. Dep. 249.)  "[Y]ou include yourself as a member of that group of people, who have been hurt by his wrongdoings and sins and that type of thing?"  (Pl. Dep. 249.)  "And, you want to punish all [of the Defendants]?"  (Pl. Dep. 249.)  After this crescendo, defense counsel moved in for the *coup de grace*, "I'm asking you, again, what amount do you think is sufficient punishment?"  (Pl. Dep. 249-50.)  Plaintiff retorted, "Wow.  A million dollars.  I'll throw a million dollars out there."  (Pl. Dep. 250.)  The questioning continued, "[R]elative to the punitive damages in this suit, you think that you're seeking to recover a million dollars?"  (Pl. Dep. 250.)  Plaintiff explained, "You said just throw something out there.  I know you ain't [sic] going to do it, but I'm just throwing it out there."  (Pl. Dep. 250.)  Finally, defense counsel completed his line of questioning, "Okay.  So, a million dollars of punitive damages, correct?"  (Pl. Dep. 250.)  Plaintiff finally responded, "Yes."  (Pl. Dep. 250.)

---

[6] Page 248 of Plaintiff's deposition testimony is not an excerpt relied upon by Safeco in support of removal.

Viewed in context, Plaintiff's "million dollar" statement was no more than her "throwing out" a number after unrelenting questioning from defense counsel, having been unsuccessful in her continual pleas for a sidebar with her own attorney. (Pl. Dep. 250.) Viewing the plain language surrounding Plaintiff's statement only confirms this fact. Safeco's valuation evidence, "a million dollars," is plainly book-ended by the words "Wow" and "I'll throw a million dollars out there." (Pl. Dep. 250.) In addition, Plaintiff immediately confessed "I know you ain't [sic] going to do it." (Pl. Dep. 250.) Her flippant response, "Wow," her repetition of the term "throwing it out there," and her acknowledgment that such an amount was not going to be paid are statements that raise serious doubts about the reliability of her million dollar statement and likewise show that her statement was not one that clearly established the amount in controversy in this case.

Finally, upon examination by her own counsel, Plaintiff reiterated that she did not know the amount of damages that she is seeking:

> Q. Ms. Allen, you were asked earlier about the amount of money that you're seeking in this lawsuit. As we sit here today, do you know how much money you're seeking in this lawsuit?
> A. No.
> Q. Okay. And when you testified earlier about a million dollars, are you seeking a million dollars in this lawsuit?
> A. No, I – I just – that was just something I threw out. I mean – he kept pressing me to answer something. I don't – I don't know. I mean, I just threw it out. It was just a figure.
> Q. Okay. So, are you seeking a million dollars in this lawsuit?
> A. No.
> Q. Okay. Do you know how much you're seeking in this lawsuit today?
> A. No.

(Pl. Dep. 275-76.) This colloquy only reinforces the ambiguity of Plaintiff's million dollar statement.

The totality of the deposition testimony shows that reasonable minds could come to mixed conclusions about the meaning of Plaintiff's million dollar statement.[7] Perhaps, it could have been, as Safeco argues, an admission of the amount that she believes she will recover from Defendants. But, it just as easily could have been an amount "thrown out there" to end a relentless line of questioning, or simply one of a series of contradictory answers that merely indicate a confused and flustered deponent. What is clear from this deposition testimony, however, is that such an admission is not an "unambiguous statement that clearly establishes" the amount in controversy. *Lowery*, 483 F.3d at 1213 n.63. To rule otherwise would do nothing more than provide an incentive for counsel to tighten the screws on lay plaintiffs concerning their subjective and uninformed valuation of their cases in the hopes of soliciting a singular admission that can be cited out of context to put a claim for unspecified damages on the highway of removal to federal court. Such a rule is not the law.

Because the other paper received by Safeco from Plaintiff and the Notice of Removal are ambiguous as to the amount in controversy, Safeco has not demonstrated under § 1446(b) that the removal was procedurally proper. Accordingly, Plaintiff's Motion to Remand is due to be granted.

---

[7] Obviously this is a contextual assessment of Plaintiff's testimony based on these facts and circumstances. This case is not to be read to say a plaintiff can never unambiguously establish the amount in controversy in deposition testimony. As stated in *Huffman*, *supra* note 5, "voluntary and unequivocal" testimony is surely enough – and is missing here.

## IV. ORDER

Accordingly it is ORDERED that Plaintiff's Motion to Remand (Doc. # 7) is GRANTED, and that this case is REMANDED to the Circuit Court of Macon County, Alabama, pursuant to § 1447(c).

The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the remand.

DONE this 20th day of January, 2011.

                                                /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE